IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANGELA CAMERON, AS THE
ADMINISTRATRIX OF THE ESTATE OF
ANTHONY CAMERON, DECEASED, FOR
AND ON BEHALF OF HERSELF, AND ON
BEHALF OF ALL OTHER PARTIES
ENTITLED TO RECOVER FOR THE
WRONGFUL DEATH OF ANTHONY
CAMERON                                                                                           PLAINTIFFS

V.                                                                    CIVIL ACTION NO. 2:13cv243-KS-JCG

WERNER ENTERPRISES, INC., A FOREIGN
CORPORATION, AND TERRY J. GUILLORY,
AN INDIVIDUAL                                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Partial Summary Judgment [116] of the Defendants Werner Enterprises, Inc. ("Werner") and Terry J. Guillory ("Guillory"). Having considered the submissions of the parties, the record, and the applicable law, the Court finds that the motion should be granted.

**I.  BACKGROUND**

This wrongful death action arises out of a commercial vehicle accident that occurred on December 3, 2012, in Perry County, Mississippi. The Uniform Crash Report [116-1] indicates that the accident occurred at approximately 4:00 a.m. in heavy fog. The decedent, Anthony Cameron ("Cameron"), was the driver of one of the vehicles involved in the accident. Guillory was the driver of the other vehicle. Cameron was driving his tractor-trailer east on U.S. Highway 98, when it collided with Guillory's tractor-trailer. Guillory was attempting to cross the eastbound lanes of the highway in order to turn left onto the westbound lanes at the time of the collision. Cameron was

killed in the accident. Guillory was acting within the course and scope of his employment with Werner at the time of the incident.

On November 1, 2013, Angela Cameron (as the Administratrix of the Estate of Anthony Cameron, on behalf of herself, and on behalf of all other parties entitled to recover for the wrongful death of Anthony Cameron) filed suit against Werner and Guillory in this Court. (*See* Compl. [1].) Angela Cameron was Anthony Cameron's wife at the time of his death. The Complaint asserts allegations of negligence and gross negligence, and requests compensatory damages, punitive damages, interest, attorney's fees, and costs. Subject matter jurisdiction is asserted on the basis of diversity of citizenship pursuant to Title 28 U.S.C. § 1332.

By way of the subject motion, Defendants seek summary judgment on the Plaintiff's direct negligence claims against Werner and the Plaintiff's demand for punitive damages as to both Defendants. The motion has been fully briefed and the Court is ready to rule.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come

forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

    **B.**    **Analysis**

        **1.**    **Direct Negligence Claims Against Werner**

The Complaint [1] charges Werner with negligent entrustment, hiring, training,

supervision, and retention. Plaintiff's opposition to summary judgment describes three bases for her allegations of direct negligence against Werner: (i) Werner negligently and/or recklessly failed to properly train Guillory; (ii) Werner was negligent and/or reckless in allowing its drivers to decide whether to drive under certain weather conditions and in not utilizing a Qualcomm message system to alert its drivers of weather problems; and (iii) Werner was negligent or reckless in utilizing a pay structure that incentives the accumulation of mileage. The Court finds that Werner is entitled to summary judgment on each of these allegations.

First, district courts for both the Northern and Southern Districts of Mississippi regularly dismiss direct negligence claims when an employer admits vicariously liability.[1] Both Werner and Guillory have admitted that "Guillory was acting in the line and scope

---

[1] *See, e.g.*, *Littlejohn v. Werner Enters., Inc.*, No. 1:14cv44, 2015 WL 3868092, at *2 (N.D. Miss. June 23, 2015) (granting the defendant employer summary judgment on claims for negligent hiring, training, and supervision given the stipulation that the defendant employee was acting within the course and scope of his employment); *Coleman v. Swift Transp. Co. of Ariz., LLC*, No. 3:13cv3, 2014 WL 3533322, at *5 (N.D. Miss. July 16, 2014) ("Although the Mississippi Supreme Court has not yet addressed whether a plaintiff can pursue negligent supervision claims against an employer who has admitted vicarious liability, the federal district courts in this state predict that it would 'find summary judgment on a claim of negligent entrustment appropriate where vicarious liability is not disputed.'"); *Lee v. Harold David Story, Inc.*, No. 3:09cv696, 2011 WL 3047500, at *1 & n.1 (S.D. Miss. July 25, 2011) (citing numerous opinions supporting the defendant employer's argument that the plaintiff's direct liability claims were redundant and due to be dismissed since this defendant admitted it was vicariously liable for its employee's negligence); *Booker v. Hadley*, No. 2:08cv172, 2009 WL 2225411, at *2 (S.D. Miss. July 23, 2009) (finding it appropriate under Mississippi law "to dismiss all claims of negligent entrustment and the like when the defendant concedes liability under respondeat superior"); *cf. Nehi Bottling Co. of Ellisville v. Jefferson*, 226 Miss. 586, 84 So. 2d 684, 686 (Miss. 1956) (holding that the trial court erred in allowing the plaintiff to present evidence regarding other accidents involving the defendant driver since the defendants admitted that the driver was acting within the scope of his employment at the time of the accident).

of his employment . . . with Werner" at the time of the accident.  (*Compare* Compl. [1] at ¶ 12, *with* Answer [6] at ¶ 12, *and* Answer [16] at ¶ 12.)  Further, "Werner has admitted it would be vicariously liable for the negligence, if any, of its employee . . . ."  (Defs.' Reply to Resp. to Mot. for Part. SJ [128] at p. 4.)  Therefore, all of the Plaintiff's negligence allegations directly asserted against Werner are "redundant and due to be dismissed."  *Littlejohn*, 2015 WL 3868092, at *2 (citations omitted).

      Second, Plaintiff's allegation that Werner failed to properly train Guillory suffers from an absence of proof.  A claim of negligent training or supervision is simply a negligence claim, requiring a showing of duty, breach, causation, and damages.  *See, e.g.*, *Cuevas v. T & J's Last Minute Seafood Express*, 1:10cv104, 2011 WL 1898919, at *3 (S.D. Miss. May 13, 2011); *Roman Catholic Diocese of Jackson v. Morrison*, 905 So. 2d 1213, 1229 (¶ 45) (Miss. 2005).  Werner's Rule 30(b)(6) representative testified at deposition that Werner's drivers receive training regarding various safety topics, including speed and space management, hazard awareness, fatigue management, hours of service, pre-trip inspection, and drugs and alcohol.  (*See* Werner 30(b)(6) Dep. [127-2] 28:1-25.)  Plaintiff fails to evidence the inadequacy of this training or otherwise show how Werner's training could be considered a breach of any duty.  Instead, Plaintiff argues a jury issue exists because Werner's Rule 30(b)(6) representative also testified that drivers are allowed to use their judgment on whether to drive in foggy conditions, and stated as follows regarding the meaning of "reckless":  "Just that the driver didn't take all necessary steps to drive in a safe manner."  (Werner 30(b)(6) Dep. [127-2] 44:13-17, 47:2-23.)  It is not evident to the Court how these facts give rise to any genuine issue precluding a grant of summary judgment on Plaintiff's negligent training

allegation. Thus, Plaintiff has merely offered "improbable inferences" and "legalistic argumentation," which are insufficient to avoid summary judgment. *Oliver*, 276 F.3d at 744.

Third, Plaintiff has failed to cite any legal authority supporting her contention that Werner had a duty to send its drivers Qualcomm messages regarding weather conditions,[2] or that Werner could be considered negligent for using a payment system based on the accumulation of mileage. In a diversity action, this Court's task is to apply Mississippi law and not to create or adopt innovate theories of recovery. *See Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 411 (5th Cir. 2007) ("We have long followed the principle that we will not create innovative theories of recovery or defense under local law, but will rather merely apply it as it currently stands.") (citation omitted); *Janus v. BellSouth Telecomms., Inc.*, 48 F.3d 532, 1995 WL 84545, at *2 (5th Cir. 1995) (rejecting the plaintiffs' negligence claim that depended upon a legal duty not yet recognized by Mississippi's highest court). The Court declines to contravene this well established principle and deny summary judgment based on Plaintiff's novel, unsupported arguments. All of the Plaintiff's allegations of direct negligence against Werner will be dismissed for the above-stated reasons.

### 2. Punitive Damages As to Werner

By statute, punitive damages are unavailable "if the claimant does not prove by

---

[2] The parties' summary judgment briefs do not present the allegation that Guillory was unable to utilize his senses and determine the weather on his own accord. Thus, the Court is unable to discern how Werner's failure to send Guillory a message regarding weather conditions could be rationally construed as the proximate cause of the accident.

clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a). The trial judge is to consider "the totality of the circumstances . . . in light of defendant's aggregate conduct" in deciding whether to submit the issue of punitive damages to the jury. *Causey v. Sanders*, 998 So. 2d 393, 408 (¶ 48) (Miss 2008) (citation omitted). Punitive damages are disfavored, considered an extraordinary remedy, and allowed only "with caution and within narrow limits" under Mississippi law. *Ill. Cent. R.R. Co. v. Young*, 120 So. 3d 992, 1013-14 (¶ 62) (Miss. Ct. App. 2012) (quoting *Waren v. Derivaux*, 996 So. 2d 729, 738 (¶ 27) (Miss. 2008)). The Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases involving mere traffic violations. *See Dawson v. Burnette*, 650 F. Supp. 2d 583, 585 (S.D. Miss. 2009) (citation omitted).

Plaintiff presents no evidence, much less clear and convincing proof, from which "a reasonable, hypothetical juror could . . . identif[y] either malice or gross disregard to the rights of others" on the part of Werner. *Causey*, 998 So. 2d at 408 (¶ 48). Plaintiff merely places the term "reckless" or "gross" in front of the above-discussed allegations of negligence. This is clearly insufficient to allow Plaintiff's punitive damages claim to proceed past the summary judgment stage. *See Oliver*, 276 F.3d at 744.

Moreover, the Court rejects the Plaintiff's contention that Werner can be held liable for punitive damages based solely on the acts or omissions of Guillory. Mississippi's punitive damages statute focuses on the acts of "the defendant against whom punitive damages are sought . . . ." Miss. Code Ann. § 11-1-65(1)(a). This

statutory text has often been interpreted to preclude an award of punitive damages based on a theory of vicarious liability.[3] Plaintiff fails to cite any court opinion approving of an award of punitive damages against an employer due to its employee's tortious conduct under section 11-1-65. Therefore, summary judgment will be granted in favor of Werner on Plaintiff's claim for punitive damages.

### 3. Punitive Damages As to Guillory

Plaintiff focuses on the following circumstances in support of her argument that a reasonable jury could find that Guillory's acts or omissions constituted gross negligence or a reckless disregard for the safety of others, justifying an award of punitive damages. Trooper Gregory Barfield, the officer that investigated the incident, testified at deposition that "[i]t was very, very, very foggy" on the morning of the accident. (Barfield Dep. [127-5] 9:14-20.) Guillory testified at deposition that his tractor-trailer was approximately 72 feet long, and that it could have taken as long as 12 seconds for it to clear the eastbound lanes of Highway 98. (*See* Guillory Dep. [127-4] 37:13-16, 46:5-47:7.) Once Guillory started to cross the highway, he focused on the westbound lanes, the opposite direction from which Cameron was traveling. (*See* Guillory Dep. [127-4] 32:12-16.) Guillory testified that it would be reckless for a driver to cross a roadway in fog so heavy that it prevented him from seeing. (*See* Guillory Dep. [127-4] 97:22-25.)

The Court finds the following particulars from Guillory's deposition also relevant

---

[3] *See, e.g.*, *Bass v. Hirschbach Motor Lines, Inc.*, No. 3:14cv360, 2014 WL 5107594, at *3 (S.D. Miss. Oct. 10, 2014); *Dinger v. Am. Zurich Ins. Co.*, No. 3:13cv46, 2014 WL 580889, at *4 (N.D. Miss. Feb. 13, 2014); *Lee*, 2011 WL 3047500, at *2 & n.2; *Poe v. Ash Haulers, Inc.*, No. 1:10cv234, 2011 WL 2711283, at *5 n.2 (N.D. Miss. July 12, 2011); *Dawson*, 650 F. Supp. 2d at 586 n.1; *Decanter v. Builders Transp., Inc.*, No. 3:95cv134, 1996 WL 408844, at *2 (N.D. Miss. July 11, 1996).

in considering "the totality of the circumstances" regarding the "defendant's aggregate conduct." *Causey*, 998 So. 2d at 408 (¶ 48). Before Guillory started to cross the highway, he waited for vehicles to pass him twice in order to get a fair estimation of the time he needed to complete his maneuver. (*See* Guillory Dep. [127-4] 12:8-14.) Guillory looked both to the left and right for oncoming traffic more than one time before proceeding to cross the highway. (*See* Guillory Dep. [127-4] 17:18-19:8.) The fog did not cause any visibility problems that prevented Guillory from safely crossing the highway. (*See* Guillory Dep. [127-4] 29:15-18.) Guillory started to cross the highway after he "saw that there was no traffic coming in either direction . . . ." (Guillory Dep. [127-4] 32:1-4.) Once Guillory "was somewhere in the median," he saw a flash of lights to his left "and that's when . . . [he] was hit." (Guillory Dep. [127-4] 32:5-9.)

Viewing the totality of the above-discussed evidence in the Plaintiff's favor, the Court only finds fact issues regarding simple negligence. There is no clear and convincing evidence suggesting that Guillory acted with "a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *Cone Solvents, Inc. v. Corvin*, No. 1:05cv419, 2007 WL 628501, at *2 (S.D. Miss. Feb. 24, 2007) (quoting *Ezell v. BellSouth Telecomms., Inc.*, 961 F. Supp. 149, 152 (S.D. Miss. 1997)). In essence, Plaintiff faults Guillory for failing to keep a proper lookout for oncoming traffic as he crossed Highway 98. Several courts have found analogous facts to constitute ordinary negligence, resulting in the dismissal of claims for punitive damages.[4] Plaintiff has failed to show any aggravating circumstances, such as

---

[4] *See, e.g.*, *Poe*, 2011 WL 2711283, at *5 (granting the defendants' request for summary judgment on a claim for punitive damages since the defendant driver's

Guillory's intoxication or use of a cell phone at the time of the accident, which could allow the issue of punitive damages to proceed to trial.  Cf. *Barnes v. Carpenter*, No. 2:14cv144, 2014 WL 6068943, at *1 (S.D. Miss. Nov. 13, 2014) (denying the defendants' motion to dismiss the plaintiff's punitive damages claim since the complaint gave rise to the plausible inference that the defendant driver was intoxicated at the time of the subject accident); *Gaddis v. Hegler*, No. 3:10cv249, 2011 WL 2111801, at *4-5 (S.D. Miss. May 26, 2011) (denying summary judgment on the issue of punitive damages in part because the evidence suggested the defendant ran a red light and ignored other warning signs while she was using a cell phone).  Thus, summary judgment will also be granted in favor of Guillory on the Plaintiff's punitive damages claim.

### III.  CONCLUSION

There is no genuine issue as to any material fact precluding a grant of partial summary judgment in the Defendants' favor.

IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants' Motion for

---

conduct amounted "only to alleged simple negligence in failing to exercise due care in the operation of a vehicle"); *Dawson*, 650 F. Supp. 2d at 584, 587 (dismissing the plaintiff's claim for punitive damages based on the allegation that the defendant failed to keep a proper lookout for other vehicles as he executed a U-turn); *Francois v. Colonial Freight Sys., Inc.*, No. 3:06cv434, 2007 WL 4459073, at *5 (S.D. Miss. Dec. 14, 2007) (holding that the defendant's alleged failure to maintain a proper lookout did not rise to the level of conduct necessary to support an award of punitive damages); *Harris v. MVT Servs., Inc.*, No. 1:06cv251, 2007 WL 2609780, at *1, 3 (S.D. Miss. Sept. 5, 2007) (finding the defendant entitled to summary judgment on the plaintiff's punitive damages claim where the driver of a tractor-trailer pulled into the path of the plaintiff's motor vehicle); *Mayfield v. Johnson*, 202 So. 2d 630, 631 (Miss. 1967) (holding that an award of punitive damages was improper although there was "no doubt that the appellee did not keep a proper lookout and have his car under control so as to avoid striking the rear end of appellant's station wagon").

Partial Summary Judgment [116] is granted and the following of the Plaintiff's claims are dismissed with prejudice: (1) all of the Plaintiff's claims of direct negligence against Defendant Werner Enterprises, Inc.; and (2) all of the Plaintiff's claims of gross negligence in support of her request for punitive damages against Werner Enterprises, Inc. and Defendant Terry J. Guillory. Plaintiff's negligence claims against Terry J. Guillory and assertion of vicarious liability against Werner Enterprises, Inc. based on those claims remain pending for trial.

SO ORDERED AND ADJUDGED this the 15th day of July, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE