IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANGELA CAMERON, AS THE
ADMINISTRATRIX OF THE ESTATE OF
ANTHONY CAMERON, DECEASED, FOR
AND ON BEHALF OF HERSELF, AND ON
BEHALF OF ALL OTHER PARTIES ENTITLED
TO RECOVER FOR THE WRONGFUL DEATH
OF ANTHONY CAMERON and
ABIGAIL CAMERON                                                                                PLAINTIFFS

v.                                                                        CIVIL ACTION NO. 2:13-CV-243-KS-JCG

WERNER ENTERPRISES, INC, A
FOREIGN CORPORATION, and
TERRY J. GUILLORY, AN INDIVIDUAL                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Abigail Cameron's ("Abigail") Motion for Disqualification of Attorney Oby Rogers as Counsel of Record on Behalf of Angela Cameron and Estate of Anthony Cameron ("Motion to Disqualify") [155], Motion to Enforce Settlement ("Motion to Enforce") [162], and Motion for Declaratory Relief [164]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that these motions should be denied.

## I.  BACKGROUND

This wrongful death action arises out of a commercial vehicle accident that occurred on December 3, 2012, in Perry County, Mississippi.  The decedent, Anthony Cameron ("Cameron"), was the driver of one of the vehicles involved in the accident.  Terry Guillory ("Guillory") was the driver of the other vehicle.  Cameron was driving his tractor-trailer east on U.S. Highway 98, when it collided with Guillory's tractor-trailer.  Guillory was attempting to cross the eastbound lanes of the highway in order to turn left onto the westbound lanes at the

time of the collision.  Cameron was killed in the accident.  Guillory was acting within the course and scope of his employment with Werner Enterprises, Inc. ("Werner"), at the time of the incident.

On November 1, 2013, Angela Cameron ("Angela") filed suit against Werner and Guillory (collectively "Defendants") in this Court as the Administratrix of the Estate of Anthony Cameron (the "Estate"), on behalf of herself, and on behalf of all other parties entitled to recover for the wrongful death of Anthony Cameron.  (*See* Complaint [1].)  Angela was Cameron's wife at the time of his death.  Abigail is the daughter of the decedent and retained her own counsel in this case on January 22, 2014, after terminating her attorney-client relationship with Oby Rogers ("Rogers"), attorney for Angela and the Estate.  Subject matter jurisdiction is asserted on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

Defendants sent an offer of settlement to Angela on April 7, 2015.  (Settlement Offer [169-1].)  The offer's terms included a high-low agreement that set Angela's maximum recovery at trial as $350,000 and her minimum recovery as $349,000.  (*Id.* at p. 1.)  The terms of the agreement explicitly had no effect on Abigail's claims, either brought on her own or through Angela as the administratrix of the Estate.  (*Id.* at p. 2.)  Rogers accepted this agreement on Angela's behalf by phone call after receiving the offer.  (Rogers Affidavit [169-1] at ¶ 5.)  Upon learning of this agreement, Abigail brought the current motions before this Court.

## II.  DISCUSSION

### A.    Motion to Disqualify [155]

Under Local Uniform Civil Rule 83.5, all attorneys appearing before this Court are bound by Mississippi Rules of Professional Conduct and subject to discipline for violations of these

rules.  Abigail requests that the Court disqualify Rogers for violating Rule 1.9, which states as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
> (a) represent another in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation . . . .

Miss. R. Prof. Conduct 1.9.  Abigail claims that Rogers is in violation of this rule because she is his former client and he is representing Angela in the same matter without her consent when their interests are materially adverse.  Assuming *arguendo* that Abigail is correct that Rogers should be disqualified if Angela's interests are materially adverse to her own, the Court does not find that Abigail's interests are in fact materially adverse to Angela's.

Abigail argues that Angela's interests are materially adverse to hers because Angela has entered into a settlement agreement with Defendants which provides for no recovery for Abigail or the Estate.  The agreement between Defendants and Angela, though, is a high-low agreement.  (*See* Settlement Correspondence [169-1].)  This agreement does not preclude Abigail or the Estate from recovery but rather limits Angela's recovery to not more than $350,000 (the high of the agreement) in the event of a judgment against Defendants.  In exchange for this limitation on recovery, Defendants have agreed to pay Angela $349,000 (the low of the agreement) regardless of the final outcome of the case.  The agreement in no way affects the recovery of either Abigail or the Estate.  Both are still able to collect any damages awarded by the jury, with the caveat that any portion of the Estate that goes to Angela cannot be collected beyond the agreed-upon $350,000.  Defendants argue that they entered into this type of arrangement as

opposed to a traditional settlement with Angela because they did not want to risk potentially being exposed to non-economic damages beyond the statutory cap. (Memo. in Response [173] at pp. 2-3.) Because the agreement does not affect Abigail's recovery, the Court does not find her interests to be materially adverse to Angela's. According, her Motion to Disqualify [155] will be **denied**.

However, because of the small difference between the high and low of the agreement, the Court does find it necessary to caution Angela and her attorney. As Angela is still the administratrix of the Estate, she continues to have a fiduciary duty to the Estate and Abigail. *See In re Estate of Hollaway v. Hollaway*, 631 So.2d 127, 134 (Miss. 1993). She should not neglect this duty just because she no longer has a significant personal stake in the litigation.

### B.    Motion to Enforce [162]

In her Motion to Enforce [162], Abigail asks the Court to enforce the purported settlement agreement between Defendants and Angela. Even assuming there is an enforceable settlement agreement other than the high-low agreement, Abigail is not a party to that agreement. Furthermore, for Abigail to have a cause of action as a non-party to the agreement, it "must have been entered into for [her] benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms." *Knight's Marine & Indus. Servs. Inc. v. Lee*, 110 So.2d 795, 798 (Miss. Ct. App. 2012) (quoting *Burns v. Wash. Savings*, 251 Miss. 789, 796, 171 So.2d 322, 325 (Miss. 1965)). As even the emails Abigail contends form the settlement agreement state that payment would be made to Angela to "settle her claim" with no mention of the claims of Abigail or the Estate, there is no contemplated performance that

would benefit Abigail as shown by the terms of the purported agreement.  As such, Abigail does not have standing to enforce the purported agreement, and the Court will **deny** her Motion to Enforce [162].

### C. Motion for Declaratory Relief [164]

In her Motion for Declaratory Relief [164], Abigail asks the Court for a declaratory judgment that she is entitled to half the proceeds of any agreement between Angela and Defendants or a ruling that any settlement funds be paid to and distributed through the Estate.  The Court declines to do either.

As stated above, the agreement between Defendants and Angela is a high-low agreement limiting only Angela's ability to recover damages.  Abigail's and the Estate's claims remain unaffected.  Any proceeds from the agreement belong to Angela alone.  Furthermore, if a settlement other than the high-low agreement existed as Abigail argues, the only claim settled would be Angela's claim.  The claims of Abigail and the Estate remain unsettled and unaffected by any agreement between Defendants and Angela, and both Abigail and the Estate are still entitled to their day in court.  *See Alack v. Phelps*, 230 So.2d 789, 794 (Miss. 1970) ("Since the rights of these two little boys were not considered, and the damages to them determined, the settlement made does not bar them from asserting their rights and having their day in court.")  The only effect of the agreement between Defendants and Angela is to set the limits of the amount Angela can recover for her legal share of the action.  Abigail has no interest in Angela's legal share of the recovery.  The Court will therefore not issue a declaratory judgment or any other ruling stating the contrary.  Abigail's Motion for Declaratory Relief [164] will be **denied**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Abigail's Motion to Disqualify [155] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Abigail's Motion to Enforce [162] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Abigail's Motion for Declaratory Relief [164] is **denied**.

SO ORDERED AND ADJUDGED this the 9th day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE