## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**ANGELA CAMERON, AS THE**
**ADMINISTRATRIX OF THE ESTATE OF**
**ANTHONY CAMERON, DECEASED, FOR**
**AND ON BEHALF OF HERSELF, AND ON**
**BEHALF OF ALL OTHER PARTIES ENTITLED**
**TO RECOVER FOR THE WRONGFUL DEATH**
**OF ANTHONY CAMERON and**
**ABIGAIL CAMERON**                                                    **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 2:13-CV-243-KS-JCG**

**WERNER ENTERPRISES, INC, A**
**FOREIGN CORPORATION, and**
**TERRY J. GUILLORY, AN INDIVIDUAL**                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Abigail Cameron's Motion to Alter or Amend Pursuant to F.R.C.P. 59(e) or, in the Alternative, for Certification of an Interlocutory Appeal ("Motion for Reconsideration") [183]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

### I.  BACKGROUND

This wrongful death action arises out of a commercial vehicle accident that occurred on December 3, 2012, in Perry County, Mississippi. The decedent, Anthony Cameron ("Cameron"), was the driver of one of the vehicles involved in the accident. Terry Guillory ("Guillory") was the driver of the other vehicle. Cameron was driving his tractor-trailer east on U.S. Highway 98, when it collided with Guillory's tractor-trailer. Guillory was attempting to cross the eastbound lanes of the highway in order to turn left onto the westbound lanes at the time of the collision. Cameron was

killed in the accident.  Guillory was acting within the course and scope of his employment with Werner Enterprises, Inc. ("Werner"), at the time of the incident.

On November 1, 2013, Angela Cameron ("Angela") filed suit against Werner and Guillory (collectively "Defendants") in this Court as the Administratrix of the Estate of Anthony Cameron (the "Estate"), on behalf of herself, and on behalf of all other parties entitled to recover for the wrongful death of Anthony Cameron.  (*See* Complaint [1].)  Angela was Cameron's wife at the time of his death.  Abigail Cameron ("Abigail") is the daughter of the decedent and retained her own counsel in this case on January 22, 2014, after terminating her attorney-client relationship with Oby Rogers ("Rogers"), attorney for Angela and the Estate.  Subject matter jurisdiction is asserted on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

Defendants sent an offer of settlement to Angela on April 7, 2015.  (Settlement Offer [169-1].)  The offer's terms included a high-low agreement that set Angela's maximum recovery at trial as $350,000 and her minimum recovery as $349,000.  (*Id.* at p. 1.)  The terms of the agreement explicitly had no effect on Abigail's claims, either brought on her own or through Angela as the administratrix of the Estate.  (*Id.* at p. 2.)  Rogers accepted this agreement on Angela's behalf by phone call after receiving the offer.  (Rogers Affidavit [169-1] at ¶ 5.)

Upon learning of this agreement, Abigail brought motions to disqualify Rogers, to enforce the settlement, and for a declaratory judgment stating that she was entitled to half of the settlement proceeds.  On December 9, 2015, the Court issued an Order [182] denying all three of Abigail's motions.  She now brings the current motion asking for reconsideration of this Order [182] or for the Court to certify an interlocutory appeal.

## II.  DISCUSSION

### A.    Reconsideration

2

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Abigail's Motion for Reconsideration [183] was filed within this twenty-eight day period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

At the onset of the Court's analysis, it must be noted that all of Abigail's arguments in her motion were either brought or should have been previously, and the ones brought were rejected by the Court. Nevertheless, she persists in her motion, calling the Court's previous Order [182] a manifest error of law. However, "[a] party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Lashley v. Pfizer, Inc.*, 877 F.Supp.2d 466, 478 (S.D. Miss. 2012)

(citations and internal quotations omitted).  Abigail fails to offer more than this, though, with respect to either the alleged settlement agreement or the disqualification of Oby Rogers as Angela's attorney.

### 1.    The Agreement Between Angela and Defendants

The agreement between Angela and Defendants is a high-low agreement setting Angela's maximum recovery at trial at $350,000 and her minimum recovery at $349,000.  No claim is settled as a result of this agreement.  Abigail seems to simultaneously argue both that this agreement is suspect because of the small range between these two amounts and that she should receive an equal share of the "settlement."

The Court agrees that the small difference between the high and low of the agreement is troublesome and has already warned Angela and her attorney that she still has a fiduciary duty to diligently pursue the claims of the Estate and Abigail.  However, as Abigail has never challenged the agreement, the Court will not consider any argument challenging it now on a motion for reconsideration.

As to her contention that Mississippi law entitles her to an equal share of the settlement of Angela's claim, the Court finds Abigail's reading of the law flawed.  First, the Court will emphasize again that no claims have been settled in this case.  Furthermore, the statute Abigail claims is rendered "meaningless" by the Court's previous Order [182] only gives her an equal share in the "damages for the injury and death" of Cameron.  MISS. CODE ANN. § 11-7-13.  Recovery for these damages goes to the Estate, and this recovery is in no way impacted by the agreement between Angela and Defendants.  The full measure of damages for Cameron's injury and death is still available to the Estate, and Abigail is entitled to a half of whatever amount the jury awards for these

damages.  The Court's holdings in its previous Order [182] are therefore correct, and Abigail's Motion for Reconsideration [183] will be **denied** with respect to this argument.

### 2.      Disqualification of Oby Rogers

Abigail contends that the Court applied the incorrect law with respect to the disqualification of Oby Rogers as Angela and the Estate's attorney.  She argues that she need only prove that there was a prior attorney-client relationship between her and Rogers and that there is a substantial relationship between the subject matter of the current and former representations.  She relies predominantly on the decision in *Owens v. First Family Financial Services, Inc.*, 379 F.Supp.2d 840 (S.D. Miss. 2005), for this proposition.  What *Owens* says, though, is that these two elements are sufficient to "disqualify *opposing* counsel on the ground of a former representation." 379 F.Supp.2d at 847 (quoting *In re American Airlines, Inc.*, 972 F.2d 605, 614 (5th Cir. 1992)) (emphasis added). Rogers, though, is not counsel for the opposing side.  Abigail is essentially asking the Court to disregard the clear language of Mississippi Rule of Professional Conduct 1.9, which explicitly requires the representation to be materially adverse to the interests of the former client before an attorney is disqualified.  The Court cannot do so and therefore finds no "manifest error" in its previous Order [182].  Therefore, Abigail's Motion for Reconsideration [183] will be **denied** as to Oby Rogers' disqualification.

### B.      Interlocutory Appeal

A district judge may make an interlocutory order appealable when he is of the opinion "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  This Court has previously held that "a controlling question of law" means "an abstract legal issue" and not "the application of settled law

to fact." *McLaurin v. United States*, No. 2:06-CV-169-KS-MTP, 2008 WL 782487, at *2 (S.D. Miss. Mar. 24, 2008) (internal citations and quotations omitted).  All of the questions of law Abigail purports to raise on appeal involve the application of settled law to the facts of this case. Furthermore, the six questions she specifically enumerates for appeal all go towards the legality of the agreement or Angela and Rogers' standing at trial now that they are no longer representatives of the Estate.[1]  Abigail addressed none of these questions in her previous motions, and the Court issued no ruling as to these questions in its previous Order [182].  Therefore, because Abigail has identified no controlling question of law she can bring on appeal, the Court will not certify an interlocutory appeal and her Motion for Reconsideration [183] will be **denied**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Abigail's Motion for Reconsideration [183] is **denied**.

SO ORDERED AND ADJUDGED this the 18th day of February, 2016.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE

---

[1]Abigail points to nothing in the record indicates that Angela is no longer the administratrix of the Estate.  Regardless, this was not an issue addressed in the previous motions for which the Court issued the disputed Order [182] and can therefore not be a question that is appealed.