## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

ANGELA CAMERON, AS THE
ADMINISTRATRIX OF THE ESTATE OF
ANTHONY CAMERON, DECEASED, FOR
AND ON BEHALF OF HERSELF, AND ON
BEHALF OF ALL OTHER PARTIES ENTITLED
TO RECOVER FOR THE WRONGFUL DEATH
OF ANTHONY CAMERON and
ABIGAIL CAMERON                                                  PLAINTIFFS

v.                                          CIVIL ACTION NO. 2:13-CV-243-KS-JCG

WERNER ENTERPRISES, INC, A
FOREIGN CORPORATION, and
TERRY J. GUILLORY, AN INDIVIDUAL                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on various motions *in limine* [195][198][200] filed by the

parties.  After considering the submissions of the parties, the record, and the applicable law, the

Court finds the following:

(1)   Plaintiff Abigail Cameron's Motion *In Limine* Regarding Abigail Cameron's Alleged

Involvement with Certain Websites and an Online Escort Service ("Motion

Regarding Websites") [195] should be ;

(2)   Defendants Werner Enterprises, Inc., and Terry J. Guillory's Motion *In Limine* [198]

should be ; and

(3)   Plaintiff Abigail Cameron's Motion *In Limine* Regarding Angela Cameron and Oby

Rogers ("Motion to Exclude from Participation") [200] should be .

## I.  DISCUSSION

### A.   Motion Regarding Websites [195]

Plaintiff Abigail Cameron ("Abigail") asks that the Court preclude any evidence from being presented regarding her alleged involvement with certain websites and an online escort service. She argues that this evidence is inadmissible character evidence under Federal Rule of Evidence 404(a), as well as being unduly prejudicial under Rule 403. Defendants Werner Enterprises, Inc., and Terry J. Guillory (collectively "Defendants") counter that they should be able to introduce this evidence because Rule 404(a) is inapplicable and it is relevant. Specifically, Defendants argue that they are not attempting to introduce evidence of the online escort service to prove that Abigail acted as an escort, as precluded by Rule 404(a). Rather, they argue that this evidence should be admitted because it is relevant to whether the Decedent Anthony Cameron ("Decendent") would have established a relationship with his daughter and the quality of that relationship. Defendants assert Plaintiff Angela Cameron's ("Angela") deposition as proof that the Decedent knew about the websites. Defendants also claim that the fact that Angela attempted to contact Abigail with no response is probative of Abigail's unwillingness to establish a relationship with the Decedent.

The Court agrees that Rule 404(a) has no applicability here. Defendants are not attempting to use character evidence to show that Abigail acted in conformance with her character. Rule 403, however, may still apply. Rule 403 states that relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice."

While she testified at her deposition that he knew about the websites, Angela also testified that the Decedent was "proud" of his daughter when he saw them. (Angela Depo. [208-1] at p. 31.) Defendants attempt to use the type of website as speculative evidence that the Decedent would not have wanted to renew his relationship with his daughter is therefore misplaced. From this testimony, it appears that Abigail's alleged involvement with these websites has little to no probative value as to the Decedent's willingness to have a relationship with his daughter. However, Abigail's failure

to answer Angela's attempt to communicate with her may have some probative value with regards to her willingness to establish a relationship with her father.

Because of its lack of probative value and potential for undue prejudice, the Court finds that evidence as to the type of websites Abigail was alleged involved with should be excluded under Rule 403.  However, the Court will not preclude evidence Angela attempted to reach out to Abigail through a website.  This testimony is probative of Abigail's willingness to renew her relationship with her father and is not substantially outweighed by unfair prejudice.

Abigail's Motion Regarding Websites [195] will therefore be **granted in part** and **denied in part**.  It is **granted** in that Defendants are precluded from introducing evidence as to the type of website Abigail was allegedly involved with.  It is **denied** in that Defendants are not precluded from introducing evidence that Angela reached out to Abigail through a website and received no reply.

### B.    Defendants' Motion *In Limine* [198]

In their Motion *In Limine* [198], Defendants ask the Court to exclude multiple pieces of evidence.  The Court will address the arguments for each piece of evidence individually.[1]

### 1.    High-Low Agreement

Defendants ask that the Court exclude any evidence concerning the existence of the high-low settlement agreement they have entered into with Plaintiff Angela Cameron ("Angela").  While the Court agrees that this is inadmissible as evidence of liability under Federal Rule of Evidence 408(a), it will allow the limited use of this agreement under Rule 408(b), to impeach Angela by showing bias or prejudice.  After hearing the testimony, the Court will further expound on its reasoning for

---

[1]The Court would not that many of Defendants' arguments are extremely abstract and vague and do not specify the exact piece of evidence to be excluded.  The Court does its best to address these vague arguments.

admitting this evidence.  Also, a limited instruction should be prepared by the part or parties opposing the admission of this evidence.

### 2.     Lay Opinions as to Legal Terms

Defendants ask the Court to preclude any testimony as to what "reckless" means, as that is a legal term on which the Court must instruct the jury.  Defendants argue that this type of legal conclusion is inadmissible under Federal Rules of Evidence 701 and 704, as improper expert opinion, and Rules 401 and 403, as it is not relevant and highly prejudicial.  Plaintiffs respond by stating that the lay witnesses should not be limited in their language when they are describing their impression or observations of an event or subject.  While the Court agrees with this statement, lay witness testimony as to what legal standard is to be applied in a case is not relevant under Rule 401, as such testimony does not make a fact of consequence "more or less probable."  Such testimony will therefore be excluded in this case.

### 3.     Autopsy Report, Death Certificate, and Post-Mortem Photographs

Defendants argue that any evidence relating to the nature of the Decedent's death and physical injuries should be excluded as irrelevant under Federal Rule of Evidence 401, because there is no dispute that he died instantly as a result of the accident.  They further argue that this evidence is inadmissible under Federal Rule of Evidence 403 as unfairly prejudicial.  Plaintiffs counter by stating that the evidence is relevant to their valuation of general damages by showing the mental anguish and emotional distress the manner of the Decedent's death has caused them.  The Court agrees that this evidence is probative of damages.  Without more information regarding the evidence to show that it is "so gruesome that [its] prejudicial potential absolutely require[s] [its] exclusion," the Court will not exclude it.  *See In re Air Crash Disaster Near New Orleans, La. on July 9. 1982*, 767 F.2d 1151, 1154 (5th Cir. 1985).

4

#### 4.       "Incorrect", "Unsafe", or "Inappropriate" Route

Defendants ask that the Court exclude any testimony as to the fact that Defendant Guillory "incorrectly, unsafely, and inappropriately" used a gas station entrance as an exit because Guillory was at a stop sign on Mt. Gillard Road immediately prior to the accident, not at the gas station entrance, and such testimony is irrelevant.   Plaintiffs argue that the accident would not have occurred had Guillory used the proper exit.   The Court finds that it has not been presented with enough information regarding the accident to properly made a determination as to the admissibility of this evidence, and will therefore decline to make a ruling on its admissibility at this time.

#### 5.       News/Media Articles

Defendants ask the Court to exclude unspecified news/media articles as hearsay.   The Court will not issue a blanket exclusion as to these articles without evaluating each one individually to determine whether they constitute inadmissible hearsay.

#### 6.       Settlement of Property Damage Subrogation Claim

Defendants request that its settlement with the insurer for Cameron's employer for a property damage subrogation claim be excluded.   Plaintiffs admit that they do not seek to use this information.   If this evidence is offered, it will be excluded if it is offered for the prohibited uses listed in Federal Rule of Evidence 408(a).   However, it will be not excluded if offered under the exceptions listed in Rule 408(b).

#### 7.       Yelp Review of Adams Security Consultants, Inc.

Defendants ask that the Court exclude an online review from Yelp concerning Defendant Guillory, arguing that it is inadmissible hearsay.   Plaintiffs' response does not address the hearsay problem with the review, but state only that it is relevant.   Plaintiffs' purport to introduce this review to show that the reviewer "caught Mr. Guillory sleeping on the job three times, [and that] he reeked

of marijuana and dressed like a homeless person." (Plaintiff's Memo. in Response [211] at p. 6.)
This is an out-of-court statement which is being offered as the truth of the matter asserted and is
therefore inadmissible under Federal Rule of Evidence 801. It will therefore be excluded.

### 8.    Preventability

Defendants argue that Plaintiffs should not be allowed to introduce evidence to show that the
accident was "preventable." In support of this argument, they contends that, because preventability
of an accident is part of the accident review required of the motor carrier industry. Under 49 U.S.C.
§ 504(f), Defendants argue, no part of the required report is admissible as evidence for a claim for
civil damages. While the Court agrees that the prepared report is inadmissible under the relevant
statute, it does not believe that it necessarily follow that all references to the preventability of the
accident should be excluded. Therefore, though the report will be excluded, other evidence of
preventability will not be excluded at this time.

### 9.    Evidence and Exhibits Not Timely Produced

Defendants argue that any evidence or exhibits not timely produced should be excluded, but
do not specify any untimely evidence or exhibit to which they refer. The Court will not make a
blanket exclusion of unspecified evidence.

### 10.    Expert Testimony From Witnesses Not Designated

Defendants also request that the Court exclude unspecified expert testimony from
undesignated experts. The Court finds that such an exclusion is unnecessary as no such testimony
has been put forward. Defendants may raise this argument if and when it becomes appropriate.

### 11.    Excluded Expert Testimony and Opinions

Defendants ask the that the Court reconsider the exclusion of Plaintiffs' experts Chris
Bloomberg and Emmett Gamel, incorporating by reference the arguments made in their previous

motions [121][123] and introducing no new arguments.  The Court has already ruled on these motions in its previous Order [167].  With no new arguments as to these motions, the Court finds there is no reason to disturb its previous ruling.

### 12.    Abigail's Loss of Society and Companionship Claim

Defendants argue that "Abigail should not be allowed to present evidence for a claim for the loss of opportunity to have a relationship" with her father."  (Memo. in Support [199] at p. 8.)  The Court has already ruled on this argument in its previous Order [158] concerning Defendants' Motion for Partial Summary Judgment [135].  The Court held that Abigail could recover under her loss of society and companionship claim if the Defendants' "acts or omissions caused Anthony Cameron's death and prevented Abigail from *reestablishing* a relationship with him."  (Order [158] at p. 7.)  Defendants' have offered no legal precedent and simply renew their arguments from their previous motion.  Therefore, the Court finds that any evidence going towards Abigail's loss of opportunity is not excluded from trial.

### 13.    Policies, Procedures, and Safety Information for Werner

Defendants request the Court exclude "any evidence of, or reference to, the hiring practices and procedures, training practices and procedures, safety history or safety rating of Werner, as well as any documentation from the Federal Motor Carrier Safety Administration or any other government agency related to Werner" as this evidence would not be relevant.  (Memo. in Support [199] at p. 8.)  Plaintiffs counter that the policies, procedures, and safety information are relevant in that they should how Defendant Guillory should have conducted himself.

The Court agrees with Plaintiffs that the policies and procedures on which Guillory was trained and which he was meant to follow are relevant to the issue of his negligence.  However, the Court agrees with Defendants that the safety history or safety rating of Werner, its hiring practices

and procedures, and any documentation from any government agency relating to its safety history or safety rating is not relevant. Therefore, all policies, procedures, and safety information that does not relate to what Guillory should have been trained on or what procedures he was meant to follow will be excluded.

### 14.  Terry Guillory's Driving, Training, Employment, Personnel, Criminal, Medical, Drug Use, and Driver Qualification Records

Defendants request the Court exclude all evidence pertaining to Defendant Guillory's history and records because they have admitted that he was acting within the course and scope of his employment. In so much as these records relate to past acts and are being offered to show Guillory's character as a "bad driver," then they will be excluded under Federal Rule of Evidence 404(b)(1). However, they may still be used for any of the permitted uses under Rule 404(b)(2) or to show habit under Rule 406.

### 15.  Testimony, Evidence, or Argument that Anthony Cameron Was a "Good Driver"

Defendants argue that evidence that the Decedent was a "good driver" should also be excluded as impermissible character evidence. The Court agrees. Any testimony that the Decedent was a "good driver" or any prior acts offered in support are excluded as impermissible character evidence under Federal Rule of Evidence 404. However, prior acts of the Decedent as a driver may still be admissible under the permitted uses enumerated in Rule 404(b)(2) or to show habit under Rule 406.

### 16.  Proof of Defendants' Financial Status/Insurance

Defendants argue that Defendant Werner's financial status and insurance coverage should be excluded from evidence under Federal Rule of Evidence 411. Rule 411 states that evidence of

liability insurance is not admissible to prove negligence or other wrongful acts, but can be admissible to show "bias or prejudice or prov[e] agency, ownership, or control."  In so much as Plaintiffs purport to use evidence that Werner was insured in order to prove their case-in-chief, such evidence must be excluded under Rule 411.  However, it will not be excluded to prove "bias or prejudice or prov[e] agency, ownership, or control."  Rule 411 makes no mention of whether a party's financial status is admissible.  However, as the Court does not see how this would be relevant, it will be excluded.

### 17.  Evidence of Prior Judgments, Claims, Lawsuits, or Verdicts

Defendants ask that certain unspecified prior judgments, claims, lawsuits, or verdicts against them be excluded.  Plaintiffs counter by arguing for their relevance in vague terms.  Because the Court does not have any further information about which prior judgments, claims, lawsuits, or verdicts, it would direct parties to look to Federal Rule of Evidence 404(b) in order to evaluate the admissibility of acts by the Defendants which are not the basis for the claims in this case.

### 18.  Punitive Damages References and Arguments

The Court has already dismissed Plaintiffs' claims for punitive damages in its previous Order [160].  As such, any reference to punitive damages would necessarily be improper and will be excluded.

### 19.  Reptile Theory

Defendants ask the Court to exclude any argument or reference that their actions could be a threat to the jurors' safety.  Plaintiffs have no advanced such an argument and have given no indication that they would advance such an argument.  The Court will therefore decline to issue a ruling on a hypothetical issue.

### 20.  Unsafe to Drive

9

Defendants request that evidence that the presence of fog created unsafe driving conditions be excluded because "[t]here is no quantifible measure of the amount and density of fog or visibility." (Memo. in Support [199] at p. 12.)  As Plaintiffs point out, though, there is a qualitative measure of the amount and density of fog and visibility at the time in the form of witness testimony. Therefore, this evidence will not be excluded.

### 21.    Accident Report Narrative and Depiction

Defendants argue that the narrative diagram and language of the Mississippi Highway Patrol Uniform Crash Report should be excluded as hearsay because it is based on the officer's observations of the crash site after the accident occurred, not personal knowledge.  Under Rule 803(8) of the Federal Rules of Evidence, "[t]he first-hand observations of the police officers which are incorporated in [a police accident report] are admissible."  *Harris v. Browning-Ferris Indus. Chem. Servs., Inc.*, 635 F.Supp. 1202, 1209 (M.D. La. 1986).   The report is therefore not inadmissible on this basis.

Defendants also claim that the information in the "Collision Narrative" section came from other sources and should be excluded as hearsay.  While it is difficult to evaluate this claim when neither party has seen fit to attach the report as an exhibit, it is likely that these statements are admissible under Rule 803(1) as present sense impressions.  Without further argument showing why they are not, the Court will decline to exclude this section of the report at this time.

### 22.    Hours of Service Regulations and Driver's Logs

Parties agree that there is no allegation that Defendant Guillory drove more hours than he should have or that such a discussion about the limitations on a driver's hours would confuse the jury.  Because parties agree that this evidence would be irrelevant and confusing, the Court finds no need to make a ruling on it.

10

23.    **Werner's Employment Screening, Road Test, and Employment Application of Guillory**

Defendants' arguments here are basically a reiteration of his arguments about Guillory's history and records as discussed in Section II.B.14. The Court will again state that if any of this evidence is introduced as character evidence, it will be excluded under Federal Rule of Evidence 404. Plaintiffs argue that the information "can be important to establish truthfulness, credibility and extent of experience." (Plaintiffs Memo. in Response [211] at p. 11.) For such uses, Plaintiff is directed to Rules 404 and 608 for guidance as to such use.

### 24.    Standard of Care for Commercial Drivers

Defendants argue that Guillory, as a commercial driver, is not held to a higher duty of care than other drivers, and that any evidence to the contrary should be excluded. The law Defendants cite does not support this assertion. Rather, the case law states only that "every motorist owes a duty to every other traveler to exercise reasonable care." *State Farm Auto Ins. Co. v. Davis*, 887 So.2d 192, 194 (Miss. Ct. App. 2004) (citing MISS. CODE ANN. §§ 63-3-1 to 63-3-1213). Plaintiffs argue that Guillory must be held to the standard of a reasonable commercial driver, without offering any citations in support. Without further briefing on this issue, the Court declines to make a ruling.

### C.    Motion to Exclude from Participation [200]

Abigail has asked that the Court exclude from participation at trial Plaintiff Angela Cameron and her attorney Oby Rogers. As Angela is still a named plaintiff in this case and still has an interest, albeit a very small one, the Court will not exclude Angela and Oby Rogers from participating at trial. However, as stated above, the existence of the agreement between Angela and Defendants may be used at trial to impeach any testimony she may give by showing bias or prejudice pursuant to Federal Rule of Evidence 408(b).

Abigail's Motion to Exclude from Participation [200] is therefore **granted in part** and **denied in part**. It is **granted** in that the high-low agreement between Angela and Defendants is admissible only for impeachment purposes. It is **denied** in that Angela and her attorney Oby Rogers will be allowed to participate at trial.

## II. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Abigail's Motion Regarding Websites [195] is **granted in part** and **denied in part**. It is **granted** in that Defendants are precluded from introducing evidence as to the type of website Abigail was allegedly involved with. It is **denied** in that Defendants are not precluded from introducing evidence that Angela reached out to Abigail through a website and received no reply.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion *In Limine* is **granted in part** and **denied in part** as outlined above.

IT IS FURTHER ORDERED AND ADJUDGED that Abigail's Motion to Exclude from Participation [200] is therefore **granted in part** and **denied in part**. It is **granted** in that the high-low agreement between Angela and Defendants is admissible for impeachment purposes. It is **denied** in that Angela and her attorney Oby Rogers will be allowed to participate at trial.

SO ORDERED AND ADJUDGED this the 25th day of May, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

12